UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FREIDA DARLENE JOHNSON**                                                                                      **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 4:22-CV-P121-JHM

**LEIGH JACKSON**                                                                                                    **DEFENDANT**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Freida Darlene Johnson's *pro se* 42 U.S.C. § 1983 complaint (DN 1) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee, names Leigh Jackson of the Public Defender's Office as Defendant. She also names in the body of her complaint Kentucky Attorney General Daniel Cameron in his official capacity. The Court **DIRECTS** the Clerk of Court to add Attorney General Daniel Cameron as a Defendant in this action.

Plaintiff alleges that Jackson, her public defender in her state court criminal case, has refused to defend Plaintiff as being a victim of domestic abuse, leaving her "without legal defense." She also alleges that Jackson did not return her calls and messages to reschedule court and that Jackson has sided with the Commonwealth's Attorney. Plaintiff alleges that her Sixth and Eighth Amendments have been violated. The complaint makes no allegations against Attorney General Cameron.

As relief, Plaintiff requests damages and injunctive relief in the form of "release from custody."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a [§] 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claim against Jackson fails because it is firmly established that a public defender does not act under color of state law for purposes of § 1983 "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). This is true even when a criminal defense attorney's defective performance results in the unconstitutional deprivation of an accused criminal defendant's liberty. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n.6 (1983); *see also, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding public defender not liable for ineffective assistance of counsel under § 1983). Consequently, Plaintiff fails to state a claim against Jackson.

Plaintiff makes no allegations against Cameron. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (italics

in original) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim against the defendant is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."). Here, Plaintiff fails to state a claim against Cameron because she makes no allegations of specific conduct or personal involvement in the events she describes in the complaint.

Moreover, Cameron is named only in his official capacity. A suit against a state official in his official capacity is not a suit against the official but rather a suit against his official office. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). The Eleventh Amendment bars a suit against a state or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Kentucky has not waived its immunity. *See Whittington v. Milby,* 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 341 (1979)). As such, Plaintiff's claim against Cameron must be dismissed as seeking monetary relief from a defendant immune from such relief as well.

Finally, Plaintiff's requested relief of "release from custody" is not cognizable in this action. "[W]hen a state prisoner is challenging the very fact or duration of [her] physical

imprisonment, and the relief [s]he seeks is a determination that [s]he is entitled to immediate release or a speedier release from that imprisonment, [her] sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: December 5, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4414.009

5